In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-309 CR


____________________



TONY IRVINE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 217th District Court


Angelina County, Texas


Trial Cause No. 22,746






MEMORANDUM OPINION


 A jury convicted Tony Irvine of aggravated robbery. Irvine pleaded true to two
enhancement allegations and the jury sentenced him to twenty-five years' confinement in
the Institutional Division of the Texas Department of Criminal Justice. Irvine appeals
raising five issues.

 In his first issue, Irvine contends the trial court erred in allowing testimony
regarding extraneous offenses during the guilt/innocence of his trial. Frank Cromeens was
permitted to testify that after his car was recovered on Wednesday, it was again taken three
days later, on Saturday, and was once more recovered by authorities. On appeal, Irvine
claims this constituted an erroneous admission of an extraneous offense, namely
Unauthorized Use of a Motor Vehicle. However, the same evidence was introduced
without objection by the testimony of Barbara Sue Cromeens. "[A] defendant who allows
evidence to be introduced from one source without objection forfeits any subsequent
complaints about the introduction of the same evidence from another source." Reyes v.
State, 84 S.W.3d 633, 638 (Tex. Crim. App. 2002). Accordingly, even if the evidence
was inadmissible, any error was not preserved because the same substantive evidence was
introduced elsewhere without objection. Issue one is overruled.

 Issue two claims trial counsel was ineffective in failing to request a limiting
instruction at the time the evidence of the extraneous offense was admitted, and in failing
to request a limiting instruction in the charge. No mention is made of the fact that the
evidence came in elsewhere without objection and no claim is made that counsel was
ineffective for failing to renew his objection. We have previously noted that "[i]n the
absence of an evidentiary hearing in which counsel is called upon to explain his actions,
we must presume that, under the circumstances, the challenged action might be simply
considered to be part of an overall strategic plan. See Tong v. State, 25 S.W.3d 707,
713-14 (Tex.Crim.App.2000)." Jones v. State, 37 S.W.3d 552, 554 (Tex. App.--
Beaumont 2001, no pet.). Although trial counsel testified at the hearing on Irvine's motion
for new trial, he was not questioned about trial strategy. As the State notes in its brief, it
could have been trial strategy to let the matter drop, rather than call the jury's attention to
it. Further, Irvine asserts there is reasonable probability that but for trial counsel's failure,
the result "could" have been different. To succeed, appellant must establish that, but for
counsel's unprofessional errors, the result of the proceeding would have been different. 
See Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674
(1984); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim. App. 1999). Irvine offers no
explanation as to how a limiting instruction on the extraneous offense would have produced
a different result. Considering the eyewitness identification of Irvine by Barbara Sue
Cromeens, we are not persuaded it would have. Issue two is overruled.

 Irvine's third issue argues the trial court erred in failing to grant Irvine's motion for
continuance during the hearing on his motion for new trial. Irvine contends the
continuance was needed to secure the presence of a witness, Rose Lamb. 

 Rose Lamb testified at trial in Irvine's behalf. At the hearing on Irvine's motion
for new trial, counsel stated Ms. Lamb's testimony would regard a relationship between
one of the witness, Sue Cromeens, and juror Pauline Lucas. Counsel contended Lamb
would offer testimony "they knew each other from the hospital, that they were on a
friendly basis, and she may have assumed a greater weight of her testimony . . .." The
trial court overruled the motion for continuance after questioning whether Lamb could
testify as to what was on the mind of Lucas and noting that the court would have to hear
it from Lucas. 

 Irvine's trial counsel testified at the hearing that if any of the panel had indicated
they knew any of the State's witnesses, he would have struck them. Irvine testified that
Lamb informed him that Lucas and Cromeens worked together at Memorial Hospital.

 Lucas was not subpoenaed to appear at the hearing on the motion for new trial but
an affidavit was entered into evidence as State's Exhibit 1. In it, Lucas avers that she did
not recognize Ms. Cromeens' name or person, that she worked at Memorial Hospital for
approximately twenty years but to her knowledge never worked in the same area as Ms.
Crommeens. 

 Cromeens testified that she "knew" Lucas. According to Cromeens, she had seen
Lucas before, "out on the streets," she had never seen Lucas in the hospital, and she did
not personally know Lucas. Cromeens did not knew Lucas' name prior to trial, and had
never had a relationship or conversation with her, and had not ever worked with Lucas at
the hospital. 

 Irvine argues he was denied the opportunity to "expose a potential jury [sic]
misconduct issue." The evidence adduced at the hearing establishes no misconduct
occurred. Therefore, we overrule issue three.

 Issues four and five challenge the legal and factual sufficiency of the evidence to
sustain Irvine's conviction. Irvine does not challenge any of the elements of the offense
for which he was convicted and does not discuss the evidence adduced, but only asserts
that the "State [sic] case consist [sic] of the victim's questionable identification of
Appellant as the assailant." The State's case also consisted of the eyewitness identification
of Irvine by the victim's wife, Barbara Sue Cromeens. That being Irvine's only protest,
we overrule issues four and five.

 The judgment of the trial court is AFFIRMED.

 PER CURIAM

Submitted on May 1, 2003 

Opinion Delivered May 14, 2003

Do not publish 


Before McKeithen, C.J., Burgess, and Gaultney, JJ.